May it please the court good morning your honors I am Manolo Olasso I represent the petitioner appellant Landon Jackson who seeks to overturn the district courts decision denying his habeas petition the petition should have been granted because allowing evidence of uncharged misconduct under the guise of gang expert basis evidence violated Mr. Jackson's right to confrontation and to due process can I ask you a question about the confrontation argument yes the trial judge instructed the jury that the out of court statements on which the expert based his opinion were not to be taken for the truth of the matter I think quite apart from whether they're instructed or not a statement can be characterized as hearsay or not quite absent quite apart from whether a jury is instructed well isn't the isn't the definition of testimonial hearsay an out-of-court statement introduced for the truth of the matter it has to be testimonial obviously but it has to be a statement focus on introduced for the isn't he isn't hearsay only hearsay if it's produced for the truth of the matter correct your honor and I suppose you can change the definition or or at least instruct the jury on how to use this particular evidence or it may have violated due process they may have been piling on it may have tainted the trial right but I'm having some difficulty seeing why how it can be hearsay if the if the jury is told not you don't don't consider this but whether they're true just consider this to see whether the expert opinion is right is is worthy of your consideration I think the difficulty is actually it's a it's discussed at length in Williams in the Supreme Court case that the justices struggle with well is this offered for the truth or isn't it I assume that the the jury and Williams was instructed look don't look at this statement by the by the analyst or this the forensic scientists that these swabs came from a particular person from a particular source but but the justice is really struggled if even if we instruct the jury don't consider this for the truth that is don't use it for a hearsay purpose instead just use it to assess the credibility or reliability of the expert I think it's too too big of a task for any person to take that and say all right well the the the gang expert says here's my opinion here's why mr. Jackson is a soldier assuming she's trying to get to the specific intent or associate or for the benefit of a criminal street gang but take my opinion ladies and gentlemen she doesn't say this but she's she's offering herself as an expert saying I'm reliable because you know let me let me interrupt for a second because because you do make a separate due process argument I do and the Court of Appeal says well it's harmless error or if it is error it's enhancement not not net not just a conviction are you attacking this as as error with respect to the gang enhancement or only with respect to the conviction for the underlying crime it's both the the evidence taints both the verdict as to counts one and two and also the finding of truth as to the the gang enhancement allegation my argument is that because the the persons who provided the the statements that are included in the police reports that the gang expert relied upon because those declarants were not at trial did not testify were not confronted by Mr. Jackson's counsel that it tainted not only the it overbore the the jury's decision to find true or not true of the gang allegation I mentioned your argument could you address the Court of Appeals conclusion that if it was error both respect with respect to conviction but particularly with respect to the gang enhancement and the error was harmless which is that's the that's the last reason state court decision that we we have to review with some deference so why why was the Court of Appeals unreasonable in finding well I think it's not harmless error I think clearly established law says that you can use you can use a declarant's hearsay statement if there's been a prior opportunity to I think that the evidence of guilt otherwise but before we get to that I wanted to ask you about our standard of review you you refer to Williams case but we're we're here on de novo review for the confrontation class is that right because the the state courts expressly stated I'm not going to adjudicate your confrontation clause claim well my understanding is that it's not it's not correct is that correct so we're not in EDPA we're just doing regular habeas you want de novo review well I'm just trying to find out whether you want it or not the question is what what's the right answer that the the state court said we need not address whether defendants are guilty or not we need not address that well it's my understanding that EDPA it's it's an expression of it's the federal expression of we're going to give deference to state courts when they make a reasoned decision okay but this claim was not adjudicated on the merits that's correct your honor so we're not in EDPA we're not looking this through the lens of the EDPA correct correct I understand so then we have to look at the Supreme Court's teaching in Teague which says we can't look at we can't return a state conviction based on Supreme Court cases that were decided after the day that became final right which is sometime after I wrote down the date I don't have it exactly here but I think Williams was was after that so we can't look at Williams is that right well I have two responses to that I think the Teague defense has been waived number one by the state number two Williams how has the Teague defense been waived because the state didn't say we're relying on Williams that's in Danforth that's what the Supreme Court said was necessary that the state is relying on that case the state court was relying on that case so that didn't happen here so how is it waived well my understanding is that Mr. Jackson filed his petition in in district court and raised his expressly raised a Sixth Amendment confrontation argument in his in his in his pleading but in the state's response and its answer it doesn't address any affirmative defense regarding Teague and what says the state has to raise Teague in its defense or waives it well it's my understanding that it because Teague is a judge made it's not statutory it's a judge made defense an affirmative defense if it's if it's if it's not pled at the first opportunity then it's waived okay so you don't have a case you're extrapolating from other cases right your honor okay that's my understanding my second response to that is Williams I don't think Williams is really new a new rule it relies on the cases that came before including Crawford Melendez Diaz Bull Cumming it sort of repeats the the basic rules from those cases but we have an expert but not the not the one who who produced this report which says certain things but we have another expert who then relays to the well to the bench it's a bench trial to the judge to the fact finder that well this this other private labs report says X Y and Z that I don't think that's a new rule from Williams I think what what Williams is doing is we're applying some basic rules to a new fact pattern and in fact the the result if you will arguably is dictated by the cases that came beforehand so I don't think Williams is is necessarily a new rule that does not apply in a case that's already final prior to it being handed down I think Williams can still be applied and the and the five justices there struggle with well is this offer for the truth or not and if we even we if we instruct or I'm assuming that the the finder of fact the judge in the bench trial knows not to use the basis evidence for the truth of the matter asserted but even then five justices as well just five justices said wait a minute even even this fact finder who is a trained jurist is going to have difficulty parsing out well if I take this statement not for its truth but then I have to conclude whether or not I can rely upon this expert whether the expert is credible whether the expert is thorough whether the analysis that the expert uses is something upon which the fact finder can have faith even the Williams court recognizes that is a tall task and I think that that is central that's pertinent may I interrupt you for just a second because you are on time and I have only one question to ask you and I wanted to go to the question of harmless error yes the gang expert testified that he'd formed the opinion that Jackson was a soldier for the Valley High Crips Jackson indeed testified that he was in the first trial and the transcript was read that he was a member of the Valley High Crips gang why isn't that pretty good evidence that it was harmless error as to what the gang expert said if I understand the court's question not in dispute that he's in a Valley High Crips gang correct and I think that goes to the the cumulativeness issue isn't the five uncharged misconduct cumulative of other evidence thus rendering it well you mean it may really drive home the fact of what Jackson admitted I think the I think what the critical is a distinction between being a member of the Valley High gang and being a soldier is that your point my point was that if you answer yes or no to that a member versus versus a soldier right is that the point I think that's the point well the is that is that your point I think that's the I thought your argument was that the that the this was harmful because it not only indicated he was a member or a soldier which was not in dispute but that the crime was committed in furtherance of the gang activity that the expert testified to that too did you not correct she did and that's that was that was to something that was not admitted correct that was something that your client did not admit he did not admit this crime was committed in furtherance of gang activity he denied committing the crime correct yeah okay that's correct thank you very much I'm sorry I took you over your time that's fine thank you please the court good morning my name is Craig Myers I represent the Attorney General and a Pele in this case could you pick start off where we left off with your opponent because this is one of the parts of the case that gives me some difficulty the Court of Appeals said if this evidence was admitted in error it  would not be considered a crime and with respect to whether or not Mr. Jackson was a member of a gang as judge judge Bayer's question indicated I don't don't see how it could be harmful since he admitted that but in order to get the gang enhancement you had to show something more which is that this crime was committed I'm paraphrasing but in furtherance of the gang's illegal activities and the whether it was in furtherance to aid and abet right benefit she applied to that why is that hard if that was error to admit her testimony on that point or to admit the to allow the hearsay to come in to buttress her testimony on that point how can that be harmless that's certainly what there wasn't there was overwhelming evidence of guilt perhaps overwhelming evidence of gang membership but was the evidence of that this was in furtherance of gang activities so strong that admission of this other stuff is harmless error it was and that's what the gang expert has to do the gang expert has to take facts her experience her no I'm not I'm not arguing against her eventual conclusion my question is these these five out of court statements were admitted to were admitted as part of her expert testimony and he makes a due process argument he says they shouldn't have come in because they deprived my client of a fair trial and the court of appeals says well maybe but if so it was harmless error because everybody knew he was a gang member but I'm not sure everybody knew that this crime was committed in furtherance of the gangs or in aid of and so that focus on that I understand her testimony can come in it's a question of these five statements which the court of appeals sort of says we don't have to get to because it's harmless error yes your honor and I'm going to answer your question in one moment I would just like to further assert that the due process claim is not properly before this court it was never brought in the district court below well are we assuming that we reached it are we in the EDPA land for the due process violation yes and to answer your question before we are in de novo review for the state court said we're not going to reach it we do go to EDPA if this court determines that the due process claim is properly before this court which I think would be a tall order because I quoted in my brief the exact claim that was brought before and it was a state court error of introducing the evidence under California evidence code 352 people versus Gardelli and a confrontation clause with a ineffective assistance of counsel claim now to answer your question in one moment I would like to further assert that the due process claim is not properly before this court yes your honor and I'm going to answer your question before we are in de novo review for the state court said we are not going to reach it we do go to EDPA whether the California court of appeals determination that any error was harmless was unreasonable tell me tell me why the evidence was so overwhelming in this case that this was in furtherance of gang activities that admitting these five hearsay statements made no difference sure your honor the evidence and the facts of this case show that that mr. Jackson was a gang member that mr. Jackson came up there was a gang war going on between the Valley High Crips and the Meadowview Bloods at the time he went up to what's the evidence of the gang war the officer Brown testified to such at the point that's that's in my brief I get cited for the course it needs to but that was part of the evidence he pulls up to five members of Meadowview Bloods and says cuz where you from and the gang expert testified that's a gang challenge under gang parlance and I believe it was Ricky Kennedy who said this is Meadowview and then mr. Jackson said I'm a Meadowview killer and then started shooting that's overwhelming evidence that this was done this crime the attempted murders was done in furtherance to benefit in association with the criminal gang tell me tell me what part of this evidence came from your expert and what part came from percipient witnesses well the percipient witness of what happened came from Katie Wormington I understand the percipient witnesses described what happened at the scene but the fact that there was a gang war and that these other folks were not gang expert the culture that there's a gang war that that Ricky Kennedy was a was a Meadowview Blood came from the gang expert what happened what came from percipient witnesses which the gang expert used to base her opinion so let's assume for a second and I'm not suggesting this is the case that the gang experts testimony was not admissible was stricken is the evidence of that this was in furtherance of gang activity overwhelming in the absence of that testimony I think from from my look at the record it comes mostly from that testimony does it not it does come mostly from the testimony but also from the words that were spoken I think the average jury without a gang expert without Wendy Brown testifying would know there's a gang challenge Bloods versus Crips I think that's within everyone's let's go back to the state court opinion so the state court says defendant claimed that the erroneous admission of the hearsay evidence made the trial fundamentally unfair and thereby violated his federal constitutional right to due process and the court says we disagree cites California cases citing and a Supreme Court case and then says even if we were persuaded that there was a violation the error is harmless why aren't we looking at the determination that it wasn't a due process violation for purposes of EDPA well just for the simple the simple point that that wasn't brought in federal court it wasn't brought in his petition I understand this court issued that a certificate of appeal ability and we can discuss that and it could have properly been brought it just wasn't okay but but assuming that we had alternative holdings it said first no due process violation second even if it was it's harmless so what do we do when we have an alternative ruling like that well we could you give deference to both you give deference to that there was no due process violation if this court determines that there's enough factual disagreement or error to go beyond that looking at the due process holding of the state court was that an unreasonable application or contrary to Supreme Court precedent no it wasn't your honor and the reason it wasn't because there's overwhelming evidence of Mr. Jackson's guilt in this case and there's overwhelming evidence outside of the four no four instances of prior conduct to show that this was committed in furtherance of the criminal street gang and what's the Supreme Court case on point that the clearly established Supreme Court case well actually under due process there is no clearly established my site that Holly versus Yarbrough says that there's no clearly established case on what is erroneous admitted evidence under due process violation and so it can't be an unreasonable application it can't be an unreasonable application because there is no there is no Supreme Court case however if we get to if this court gets to the harmless error argument Brett versus Abrahamson is does establish that needs to be substantial and injurious effect or influence in determining the jury's verdict and I'll go back to the fact that the jury was instructed three times that do not consider this evidence for the truth of the matter asserted considers evidence only in determining the expert's opinion that was given that was given mid Brown's testimony that's a 10 RT 2960 and it was given at 10 RT 2626 right before Brown testified about the prior instance of the judge judge Nunley specifically said she's going to be testifying about some prior instances there these statements are may be formed her opinion this testimony is not to be considered to you by evidence of the truth of the facts disclosed by those statements and of course the jury was instructed at the end of the trial and that was at the CT of page 1124 so the juries are presumed to follow the court's instructions and going this goes into the Crawford area but also goes into the harmless error for both cases or for both issues that the jury was instructed do not consider this evidence is evidence is not coming in for the truth of the matter asserted and that's why it's not a violation of Crawford because experts are allowed to testify to hear say as long as they're not relied on or they're not parroted for very briefly touching on the Teague argument because we're into an over review the new rule of law established is that Crawford applies to statements relied on by a gang expert and that is touched upon the Williams case those Williams case and bull coming were not decided Crawford was decided Crawford was only cited in appellants I'm sorry mr. Jackson's petition that's why we only relied on it when the court issued specific directions to discuss bull coming and Williams that's when the Teague bar was asserted let me ask you do you think that if bull coming in Williams are applicable that there's error no no it's so that it really doesn't Williams and bull coming are not on point here are they they're not it's just you know Crawford never defined what's testimonial and it's just a further expansion for the new rule but even if the court gets beyond the Teague bar the Teague bar it doesn't affect shouldn't not affect this analysis because it's not a violation of Crawford it's not a due process violation which was not brought before and it's harmless under Breck versus Abramson thank you very much this matter will be submitted
judges: BEA, IKUTA, HURWITZ